JAMES TALCOTT, Appellant, *against* LEWIS SALKE, IMPLEADED, &c., Respondent.

(Decided December 1st, 1879.)

Where an action is brought to recover the value of goods sold, from the purchaser, before the expiration of the term of credit on which they were sold, on the ground that such credit was procured by false representations of the defendant as to his solvency, mere evidence of the recovery of certain judgments against him shortly after the date of the sale, in the absence of any proof that execution had been issued thereon and returned unsatisfied, or that any effort had been made to collect them, together with evidence that before the expiration of the term of credit the store occupied by the defendant at the time of his purchase was depleted of goods, without proof that he was not conducting business elsewhere, will not raise a presumption of insolvency.

APPEAL from an order of the general term of the marine court of the city of New York, reversing a judgment of that court entered upon a verdict directed by the court at the trial.

The action was brought to recover the value of certain goods sold by the plaintiff to the defendants upon credit. The

facts are stated in the opinion. At the trial the judge directed a ver ct for the plaintiff, and judgment for the plaintiff was entered on the verdict. From the judgment the defendant, Salke, appealed to the general term of the marine court, which reversed the judgment and ordered a new trial, with costs to abide the event; and from this order the plaintiff appealed to this court.

*Thomas & Wilder,* for appellant.

*Richard S. Newcombe,* for respondent.

Van Hoesen, J.—A bill of goods was sold by the plaintiff to the defendant on a credit of thirty days. Though the appeal papers do not show it, I assume the fact to be that the plaintiff brought suit to recover the value of the goods before the expiration of the term of credit. I think I must give effect to the fact that the complaint contains allegations intended to avoid the credit on the ground that it was procured by fraud, and to the fact that the cause was tried by both parties upon the theory that, in order to recover, the plaintiff was bound to show that the defendant was actually insolvent at the time when he falsely represented himself to be worth three or four thousand dollars over and above his debts. The main question is, whether the evidence of the obtaining of the credit by fraud was sufficient to warrant the court to direct a verdict for the plaintiff. The defendant offered no evidence whatever, though he was present at the trial. It was proved that the defendant, on the first of November, 1875, and afterward on the fifth, stated that he was perfectly solvent, and that he was worth from three to four thousand dollars; and that, relying upon that statement, the plaintiff sold him the goods for the price of which this action was brought. It was furthermore proved that on November 24, 1875, judgment for $323.17 was entered against the defendant, and that, on December 3, 1875, another judgment was entered against him. It was also proved that on the 28th day of November,

there were no goods at the place of business which the defendant had occupied.

As has been said, the defendant offered no evidence, but at the close of the plaintiff's evidence moved for a dismissal of the complaint on the ground that there was no proof of the falsity of the defendant's representations. The court denied the motion, and directed a verdict for the plaintiff. If the plaintiff made out a *prima facie* case, the verdict cannot be disturbed. There must be a total failure of competent proof to warrant us in setting the verdict aside. The judgment records introduced in evidence were only proof that the judgments had been rendered at a certain time, and for a certain amount (Greenleaf on Ev. § 527). They were not proof of the nature of the debts on which they were founded, nor of any other fact recited in the record (Greenleaf, §§ 538 539).

All that appeared, therefore, was that two judgments had been recovered against the defendant. Whether execution had been issued and returned unsatisfied, the plaintiff did not offer to show. It is true that he asked one of the witnesses whether he had made an examination of the record in the clerk's office with a view of determining whether the judgments were satisfied or not, but that was not equivalent to offering proof that an execution had been returned unsatisfied. A judgment may be unsatisfied because an appeal has been taken, or because no attempt has been made to enforce its payment. Mere evidence of the recovery of one or more judgments, without evidence that an effort has been made to collect them, does not raise a presumption of insolvency. But to this must be added the evidence that on November 28 there were no goods in the store which the defendant occupied at the time he made the purchases that gave rise to this action. The defendant had left that store, but there was nothing to show that he had not changed his place of business, and that he was not conducting his trade elsewhere. I think the evidence that was offered by the plaintiff was not sufficient to throw upon the defendant the burden of accounting for those judgments, and of explaining what induced him to vacate the store in Walker street. There was not even a

*prima facie* case of insolvency made out, and therefore the defendant was not called on to rebut the presumption which the law would have raised if there had been proof of the return of executions unsatisfied, or proof that he did not pay his debts as they fell due in the usual course of business.

It follows from what has been said that I think the order of the marine court general term reversing this judgment was right. Upon this state of facts the ordinary course would be to affirm the order appealed from, and to render judgment absolute against the plaintiff; but the record discloses some circumstances which would make that disposition of the case extremely hard upon the plaintiff. It is true that the plaintiff ought not to have appealed, and that he ought to have gone down for a new trial, and that the practice of appealing from orders granting new trials is not to be encouraged; but the record makes it clear that the plaintiff was stopped by the justice at the trial, and told substantially that he had already proved enough to show the defendant to have been insolvent, and that no more proof was required. I think that we may, therefore, with propriety, affirm the order appealed from with costs of the appeal to the respondent, and refrain from giving judgment absolute against the plaintiff.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Order affirmed, with costs.